UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENA L. FRIETCHEN,

    Plaintiff,

v.                                       Case No. 1:06-CV-567
                                       Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                       /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner), which granted her claim for disability insurance benefits (DIB) in part.[1]

Plaintiff was born on October 28, 1955 and completed high school (AR 57, 80).[2] Plaintiff alleges that she has been disabled since December 26, 2002 (AR 57). She had previous employment as a clerk/stocker, a merchandiser, and a cashier/price changer (AR 89). Plaintiff identified her disabling conditions as liver damage and edema of the legs (AR 74).

After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision on October 29, 2004, which gave her partial relief. Specifically, the ALJ granted plaintiff's claim for DIB for the closed period of

---

[1] Plaintiff also applied for supplemental security income (SSI). However, the Commissioner determined that she was not eligible for SSI payments under the statutory and regulatory guidelines. Plaintiff does not appeal the eligibility decision with respect to the SSI payments.

[2] Citations to the administrative record will be referenced as (AR "page #").

December 26, 2002 through December 30, 2003; determined that she could perform her past relevant work as of December 31, 2003; and terminated the DIB as of December 31, 2003 (AR 15-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

The ALJ issued a two-part decision.

### A. DIB award for December 26, 2002 through December 30, 2003

Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 21). Second, the ALJ found that she suffered from severe impairments of chronic liver disease and chronic obstructive pulmonary disease (AR 21). At the third step, the ALJ found that "[d]uring the period beginning December 26, 2002 and ending December 30, 2003, the chronic liver disease met the requirements of section 5.05 D of the Listing of Impairments" (AR 21). Accordingly, the ALJ made a finding of disability for this time period (AR 21).

### B. Plaintiff realized medical improvement by December 31, 2003

The ALJ further found that plaintiff "had realized medical improvement related to the ability to work by December 31, 2003," and that as of December 31, 2003 plaintiff had no impairment or combination of impairments that met the criteria of any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, "including all subsections of Listing 5.05 for chronic liver disease" (AR 21).

The ALJ decided at the fourth step that, for the period beginning December 31, 2003, plaintiff had

> the residual functional capacity to perform a range of light work, or work that requires occasional lifting of up to twenty pounds and frequent lifting of ten pounds. She can perform occasional climbing and has others [sic] postural limitations that

4

>    restrict her to no more than occasional balancing, stooping, kneeling, crouching and crawling.

(AR 22). The ALJ determined that plaintiff's past work as a cashier did not require the performance of work-related activities precluded by her RFC (AR 22). In addition, the ALJ found that plaintiff's allegations of regarding her limitations were not totally credible (AR 22).

The ALJ further found that plaintiff "had realized medical improvement related to the ability to work by December 31, 2003 and, from that date and continuing through the date of this decision, she is able to perform her past relevant work" (AR 22).

## III. ANALYSIS

Plaintiff contends that the ALJ improperly terminated her DIB on December 30, 2003, and raises two related issues on appeal. First, plaintiff contends that the ALJ's determination that plaintiff lacked credibility is not supported by substantial evidence:

>    **Where the ALJ cites as a basis for terminating entitlement to DIB only that "laboratory test results show improvement," where liver function studies remain elevated and the ALJ recognizes as apparently credible plaintiff's testimony that she must elevate her legs five times daily for 45 minutes per time period, are the findings of the ALJ that plaintiff's complaints of inability to perform substantial gainful employment after December 2003 not credible supported by competent material and substantial evidence on the whole record as required?**

Second, plaintiff contends that the ALJ improperly rejected the opinions of her treating physician regarding plaintiff's need to elevate her legs every 45 minutes:

>    **Where the unrebutted, uncontradicted and undisputed testimony of plaintiff regarding her need to elevate her legs five times daily for about 45 minutes per time period (page 5 ALJ's decision) and, where the treating physician's RFC form agrees with plaintiff's testimony, and, moreover, where the vocational expert's testifying at this hearing agrees that such an individual, required to elevate her legs repeatedly in that fashion would be unable to perform substantial gainful activities, is the decision of the ALJ denying continuing benefits after December 30, 2003 not only unsupported by**

5

> **competent, material and substantial evidence on the record but a failure to give controlling weight to the opinions of the treating physician where those opinions are uncontradicted by other medical evidence in the record?**

The ALJ awarded plaintiff DIB because she met the requirements of a listed impairment. In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d).

In the present case, the ALJ determined that plaintiff met the requirements of Listing 5.05 D beginning December 26, 2002 and ending December 30, 2003 (AR 18). This listing contains the following requirements:

> 5.05 Chronic liver disease (e.g., portal, postnecrotic, or biliary cirrhosis; chronic active hepatitis; Wilson's disease). With:

> \* \* \*
> D. Ascites, not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less.

Listing 5.05.[3]

Plaintiff's claim was construed as a "closed period case," i.e., one in which the ALJ determined that the claimant was disabled for a specific period of time that commenced and ended prior to the date of the ALJ's decision. *See, e.g., Pickett v. Bowen*, 833 F.2d 288, 289 n. 1 (11th Cir. 1987). The medical improvement standard applies to closed period cases. *See Shepherd v. Apfel*, 184 F.3d 1196, 1198, 1200 (10th Cir. 1999) (medical improvement standard as defined in 20 C.F.R. §§ 404.1594(b)(1) and 416.994(b)(1)(i) applies to closed period cases); *Long v. Secretary of Health and Human Servs.*, No. 93-2321, 1994 WL 718540 at \*2 (6th Cir. Dec. 27, 1994) ("In order to find a closed period of disability, the Secretary must find that at some point in the past, the claimant was disabled and that, at some later point in the past, he improved to the point of no longer being disabled"); *Jones v. Shalala*, 10 F.3d 522, 524 (7th Cir. 1993) (applying medical improvement standard of § 404.1594(b)(1) to a closed period case).

"Medical improvement" is defined in § 404.1594(b)(1) as follows:

> Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s) . . .

---

[3] "Ascites" are defined as "effusion and accumulation of serous fluids in the abdominal cavity." *Dorland's Illustrated Medical Dictionary*, p. 154 (27th Ed. 1988).

Objective medical evidence must show a discrete improvement in the claimant's condition which allows the ALJ to conclude that the claimant can perform substantial gainful activity. *See Buress v. Apfel*, 141 F.3d 875, 880 (8th Cir. 1998).

In the present case, the court concludes that the ALJ has not met the burden of demonstrating that plaintiff realized medical improvement as of December 30, 2003. As an initial matter, it is difficult for this court to follow the ALJ's reasoning in this case, in part because the ALJ's decision neither stated the requirements for Listing 5.05 D nor explained the factual basis for finding that plaintiff met the requirements of the listing. The ALJ apparently accepts plaintiff's alleged disability onset date of December 26, 2002 (AR 17), citing no medical evidence to establish that plaintiff's condition met the requirements of Listing 5.05 D as of that date.[4]

The ALJ concludes that plaintiff's liver function became normal by December 30, 2003, stating:

> the record of medical treatment shows improved and stable liver function, while liver enzymes remain elevated. By January 2004, the ulcerations had improved considerably while the claimant took Neurontin for some neuropathy of the lower extremities.

(AR 20). However, the ALJ fails to cite medical records to support this conclusion that plaintiff's condition had improved to the extent that she no longer met the requirements of Listing 5.05 D.

It appears that the "January 2004" date of improve is derived from the treatment notes of plaintiff's treating physician, Daniel A. Farrell, M.D., who observed on January 9, 2004 that: "Feet really look quite good. No edema at all. Her skin is healed up completely." (AR 188). While the ALJ apparently views Dr. Farrell's January 9, 2004, observation as establishing medical

---

[4] For example, it appears that the earliest evidence in the medical record that plaintiff suffered ascites attributable to hepatitis C was in an emergency room visit in March 2003 (AR 140-49), a few months after the December 26, 2002 onset date.

improvement, he rejects the doctor's subsequent opinions expressed in an August 25, 2004 "Cirrhosis/Liver Disease Medical Assessment Form" (AR 20). In this August 2004 assessment, Dr. Farrell states that plaintiff still meets the requirement of 5.05 D, explaining that plaintiff's ascites and pedal edema related to liver disease "has [sic] improved [but] still a difficulty" (AR 160-64).

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). An ALJ, however, is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

In the present case, the ALJ has not articulated good reasons for flatly rejecting Dr. Farrell's opinions expressed in the August 25, 2004 assessment. Furthermore, the court finds no evidence to support the ALJ's decision to terminate plaintiff's benefits. The December 3, 2003 termination date appears to be based entirely (and rather tenuously) upon Dr. Farrell's brief observations on January 9, 2004.

Accordingly, the undersigned concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate the December 30, 2003 termination date.

### IV.    Recommendation

I   respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for a re-evaluation of plaintiff's December 30, 2003 termination date as outlined in this report and recommendation.


Dated:  June 11, 2007                            /s/ Hugh W. Brenneman, Jr.
                                                 Hugh W. Brenneman, Jr.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).